IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BENJAMIN GONZALEZ-MERCEDES

Plaintiff

vs                                                                CIVIL 11-1454CCC

MIGUEL A. PEREIRA-CASTILLO, former
Secretary of the Department of Correction
and Rehabilitation and Director of Correction
of the Commonwealth of Puerto Rico, and the
conjugal partnership formed between him
and Jane Doe #1; CARLOS
MOLINA-RODRIGUEZ, Secretary of the
Department of Correction and Rehabilitation
and Director of Correction of the
Commonwealth of Puerto Rico, and the
conjugal partnership formed between him
and Jane Doe #2; GLORIA
ORTIZ-MARTINEZ, President of the
Department of Correction and Rehabilitation's
Parole Board of the Commonwealth of Puerto
Rico, and the conjugal partnership formed
between her and John Doe #1; EDWIN
ZAYAS-FIGUEROA, member of the
Department of Correction and Rehabilitation's
Parole Board of the Commonwealth of Puerto
Rico, and the conjugal partnership formed
between him and Jane Doe #3,
a/k/a Conjugal Partnership Figueroa-Doe;
MARIA E. MELENDEZ-RIVERA, member of
the Department of Correction and
Rehabilitation's Parole Board of the
Commonwealth of Puerto Rico, and her
conjugal partnership formed between her and
John Doe #2; KARLA DE JESUS-FUENTES,
member of the Department of Correction and
Rehabilitation's Parole Board of the
Commonwealth of Puerto Rico, and the
conjugal partnership formed between her and
John Doe #4; John Poe 1-3

Defendants

## ORDER

Before the Court is defendants María E. Meléndez Rivera, Edwin Zayas-Figueroa,

Gloria E. Ortiz-Martínez and Karla de Jesús-Fuentes' (hereinafter "defendants") Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed on October 13, 2011 (**docket entry 11**),

CIVIL 11-1454CCC                              2

and plaintiff Benjamín González-Mercedes' Opposition to Motion to Dismiss filed on November 22, 2011 (docket entry 15).

Plaintiff's cause of action is brought pursuant to 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments of the United States Constitution.  He alleges that "[s]ince completing minimal imprisonment, he was negligently and unlawfully imprisoned and confined in the correctional system of Puerto Rico in excess of six (6) years, without being considered for parole in violation of the stipulations reached in Efraín Montero-Torres, et als. v. Rafael Hernández Colón, et als., Civil No. 75-828, and the Parole Board's Rules (Decree No. 6866, August 25, 2004), as well as the Judgments issued by the Commonwealth of Puerto Rico's Court of Appeals in 2007, 2009 and 2010, declaring unconstitutional the treatment received by Plaintiff in the Parole Board's resolutions."  Defendants, all parole board members during the time plaintiff was considered for parole, aver in their Motion to Dismiss that plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because parole board members in their official capacities are not liable to § 1983 suit for damages and they are entitled to quasi-judicial immunity from money damages  in said claims.

**Analysis**

The Eleventh Amendment bars recovery of damages in a federal court against the Commonwealth of Puerto Rico.   Culebras Enterprises Corp. v. Rivera-Ríos, 813 F.2d 506, 516 (1st Cir. 1987).  Similarly, under the Eleventh Amendment, the individual defendants, in their official capacity, are immune from suit  for monetary damages.  See e.g. Carrasquillo v. Puerto Rico, 2007 WL 1844029 (1st Cir. 2007); Cruz Gómez v. Rivera Hernández, 444 F.3d 29, 32 (1st Cir. 2006).  As has been repeatedly held, and reiterated in Vaquerías Tres Monjitas Inc. v. Irrizarry, 587 F.3d 464, 477-78 (1st Cir. 2009), "[w]hile a State may not be sued directly absent its own consent, the Ex Parte Young doctrine permits suits to proceed against State officers in their official capacities to compel them to comply

CIVIL 11-1454CCC                                        3

with federal law . . . such suits, however, may only seek prospective injunctive or declaratory relief; they many not seek retroactive monetary damages or equitable restitution" for these would "run afoul of the Eleventh Amendment."  In the instant case, plaintiff is only seeking relief in monetary damages, therefore, any such claim against defendants, in their official capacities as parole board members, is bared by the Eleventh Amendment.

As to defendants in their individual capacities, the First Circuit has held that "parole board officials perform functionally comparable tasks to judges," and "render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake." Johnson v. R.I. Parole Bd. Members, 815 F.2d 5, 6 (1st Cir. 1987). The Court stated that "parole board members are entitled to absolute immunity from liability for damages in a § 1983 action for actions taken within the proper scope of official duties." Id. at 8.  In this case, the record indicates that all of defendants' actions as members of the parole board were performed as part of their official duties.  The denial of plaintiff's petition for parole was done within the scope of their official duties, therefore, defendants are entitled to absolute immunity against plaintiff's claims.

For the reasons stated above, defendants María E. Meléndez-Rivera, Edwin Zayas-Figueroa, Gloria E. Ortiz-Martínez and Karla de Jesús-Fuentes' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (**docket entry 11**) is GRANTED.

SO ORDERED.

At San Juan, Puerto Rico, on August 27, 2012.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge